J-S21026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND BROWN | : | |
| | : | |
| Appellant | : | No. 528 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013828-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND BROWN | : | |
| | : | |
| Appellant | : | No. 529 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013829-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND BROWN | : | |
| | : | |
| Appellant | : | No. 530 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013830-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |

J-S21026-21

                      :
v.                       :
                      :
                      :
ROLAND BROWN          :
                      :
          Appellant     :   No. 531 EDA 2020

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013831-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND BROWN | : | |
| | : | |
| Appellant | : | No. 532 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013834-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND BROWN | : | |
| | : | |
| Appellant | : | No. 533 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013836-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

J-S21026-21

ROLAND BROWN : 
 : 
 Appellant : No. 534 EDA 2020

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013837-2014

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: Filed: October 13, 2021

Appellant, Roland Brown, appeals from an order entered on January 8,

2020, in the Criminal Division of the Court of Common Pleas of Philadelphia

County that dismissed, without a hearing, his petition filed pursuant to the

Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the factual history as follows:

[Over several weeks in August and September 2012, Appellant
and his paramour, Mary Jeffries, engaged in a spree of violent
robberies in Philadelphia, Pennsylvania. Following a two-day
bench trial, the court found Appellant guilty of nine counts of
simple assault; seven counts of possessing an instrument of
crime; six counts of robbery; five counts each of criminal
conspiracy to commit robbery, theft by unlawful taking, and theft
by receiving stolen property; three counts each of recklessly
endangering another person and terroristic threats; two counts of
using an incapacitation device; and, one count each of robbery of
a motor vehicle, aggravated assault, and criminal conspiracy to
commit simple assault.]

At trial, all of the victims testified that [A]ppellant robbed and, on
most occasions, assaulted them[.] Appellant's victims also
testified that he was accompanied and assisted by a woman during
[these episodes]. Commonwealth witness, Mary Jeffries, testified
that she was the woman that accompanied [A]ppellant on all of
these occasions and provided testimony as to both her and

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

[A]ppellant's criminal involvement in the robberies. She further testified that she had entered into an open guilty plea arrangement for the role she played in the robberies.

On April 22, 2016, following his conviction, [A]ppellant was sentenced [to 45-90 years' incarceration]. On May 12, 2017, [this Court affirmed Appellant's judgment of sentence]. Appellant then filed a timely [p]etition for [a]llowance of [a]ppeal with the Pennsylvania Supreme Court, which was denied on September 19, 2017. Appellant then filed a petition seeking a writ of certiorari from the United States Supreme Court, which was denied on June 18, 2018.

On March 18, 2019, [A]ppellant filed a timely *pro se* PCRA petition. On May 14, 2019, [A]ppellant's court appointed counsel filed an amended petition on his behalf. [The Commonwealth filed a motion to dismiss Appellant's amended petition on August 20, 2019].

[On September 26, 2019, the PCRA court, after thoroughly reviewing the filings of the parties, the issues raised by Appellant and the law relating to this matter, and after hearing the arguments of counsel, issued a 20-day notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Thereafter, on January 8, 2020, the PCRA entered its order formally dismissing Appellant's amended petition].

On February 7, 2020, [A]ppellant filed a timely [n]otice of [a]ppeal, together with [a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)[1]].

PCRA Court Opinion, 1/15/21, at 1-2.

Appellant's brief raises the following questions for our review.

Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to meet with [Appellant] prior to

---

[1] Because Appellant included a notice of appeal at each PCRA court docket affected by the order dismissing his petition, his notice of appeal is compliant with our Supreme Court's mandate in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

- 4 -

trial and prepare an appropriate defense; failing to request all compulsory discovery information regarding agreements between a witness and the Commonwealth; failing to impeach the credibility of a witness based on *crimen falsi* conviction; improperly cross-examining the Commonwealth witnesses; and failing to file pretrial motions to dismiss or suppress evidence[?]

Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [A]ppellant's constitutional right to due process based on the prosecution's willful or inadvertent withholding of exculpatory or impeachment evidence, as well as by a conviction based upon evidence that did not prove his guilt beyond a reasonable doubt[?]

Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Appellant's Brief at 8.

We have carefully reviewed the certified record, the submissions of the parties, and the Rule 1925(a) opinion issued by the PCRA court. Based upon our review, we conclude that the PCRA court has adequately and accurately examined the claims raised in this appeal and that Appellant is not entitled to relief for the reasons expressed in the PCRA court's opinion.[2] Accordingly, we adopt the PCRA court's opinion, as amended below, as our own. The parties are directed to attach a copy of the PCRA court's opinion to all future filings pertaining to the disposition of this appeal.

---

[2] We add only that the PCRA court did not abuse its discretion in denying the instant petition without convening an evidentiary hearing. ***See Commonwealth v. Hand***, 252 A.3d 1159, 1165 (Pa. Super. 2021) (PCRA court may exercise its discretion and decline to conduct a hearing where collateral claims lack merit and enjoy no record support).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/13/21</u>

Filed 2/28/2021 10:35:00 PM Superior Court Eastern District
528 EDA 2020

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CRIMINAL SECTION

Commonwealth of Pennsylvania     :   CP-51-CR-0013828-2014
                 :   CP-51-CR-0013829-2014
                 :   CP-51-CR-0013830-2014
                 :   CP-51-CR-0013831-2014
                 :   CP-51-CR-0013834-2014
      v.             :   CP-51-CR-0013836-2014
                 :   CP-51-CR-0013837-2014
                 :
                 :   SUPERIOR COURT Nos.
     Roland Brown         :    528 EDA 2020
                 :    529 EDA 2020
                 :    530 EDA 2020
                 :    531 EDA 2020
                 :    532 EDA 2020
  Received            :    533 EDA 2020
                 :    534 EDA 2020
  JAN 15 2021

Office of ...   ...als
Appea....

## OPINION

Ehrlich, J.

Roland Brown, hereinafter referred to as "appellant," has filed an appeal from this Court's Order of January 8, 2020 dismissing his petition, which sought relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 *et seq.*

## Factual and Procedural History

Appellant was convicted by this Court following a two (2) day waiver trial of nine (9) counts of simple assault; seven (7) counts of possessing instrument of crime; six (6) counts of robbery; five (5) counts each of criminal conspiracy to commit robbery, theft by unlawful taking and theft by receiving stolen property; three (3) counts each of recklessly endangering another person and terroristic threats; two (2) counts of using an incapacitation device; and single counts

of robbery of a motor vehicle, aggravated assault, criminal conspiracy to commit simple assault. These convictions were the result of a robbery spree appellant engaged in, along with his paramour, Mary Jeffries, over a several week period in August and September of 2013 in Philadelphia.

At trial, all of the victims testified that appellant robbed and on most occasions assaulted them as well. Appellant's victims also testified that he was accompanied and assisted by a woman during these string of robberies and assaults. Commonwealth witness, Mary Jeffries, testified that she was the woman that accompanied appellant on all of these occasions and provided testimony as to both her and appellant's criminal involvement in the robberies. She further testified that she had entered into an open guilty plea arrangement for the role she played in the robberies.

On April 22, 2016, following his conviction, appellant was sentenced by this Court to forty-five (45) to ninety (90) years of incarceration. On May 12, 2017, our Superior Court rejected a direct appeal filed by the appellant, thereby affirming his judgement of sentence.[1] Appellant then filed a timely Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on September 19, 2017. Appellant then filed a petition seeking a writ of certiorari from the United States Supreme Court which was denied on June 18, 2018.

On March 18, 2019, appellant filed a timely *pro se* PCRA petition. On May 14, 2019, appellant's court appointed counsel filed an amended petition on his behalf. The Commonwealth filed a response to appellant's final amended petition in the form of a Motion to Dismiss on August 20, 2019.

---

[1]Commonwealth v. Brown, 1348 EDA 2016.

2

This matter was then listed for argument before this Court. On September 26, 2019, this Court, after thoroughly reviewing the filings of the parties, the issues raised by appellant and the law relating to this matter, and after hearing the arguments of counsel, issued a twenty (20) day Notice of Dismissal pursuant to Pa.R.C.P. 907. Thereafter, by Order dated January 8, 2019, this Court formally dismissed appellant's petition.

On February 7, 2020, appellant filed a timely Notice of Appeal, together with appellant's 1925(b) Statement of Errors Complained of on Appeal.

On appeal, appellant raises eight (8) distinct claims of error which were set forth in his amended PCRA petition. Appellant's Statement of Errors Complained of on Appeal categorized these eight (8) claims of error as follows:

1. Appellant was denied his constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and the analogous provisions of the Pennsylvania Constitution.

2. Appellant's constitutional rights to due process were violated by the prosecutor's failure to disclose Brady material, as well as by a conviction based on evidence that did not prove his guilt beyond a reasonable doubt.

Appellant's 1925(b) Statement of Errors.

## Discussion

### I. Ineffectiveness of Counsel

### Standard of Review

The law presumes that counsel was effective, and therefore Petitioner carries the burden of proving that counsel was ineffective. *Commonwealth v. Baker,* 614 A.2d 663, 673 (Pa.1992). To establish ineffectiveness under the PCRA, a Petitioner must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any

reasonable basis designed to effectuate his or her client's interest; and (3) that he or she was prejudiced by counsel's ineffectiveness. *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999); *Commonwealth v. Lauro*, 819 A.2d 100, 105–106 (Pa. Super. 2003). Prejudice in the context of ineffective assistance of counsel claim requires that the defendant prove that there is a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different. *Commonwealth v. Bond*, 819 A.2d 33, 42 (Pa. 2002).

Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Hudson*, 820 A.2d 720, 726 (Pa. Super. 2003). Moreover, ineffectiveness only occurs where the alternative not selected "offered a potential for success substantially greater than the tactics used." *Commonwealth v. Clemmons*, 479 A.2d 955, 957 (Pa. 1984). Where it is clear that allegations of ineffectiveness of counsel are baseless or meritless, then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed. *Id.* at 361; 479 A.2d at 957.

Appellant's amended PCRA petition set forth six (6) claims of error regarding ineffective assistance of counsel each of which will be discussed separately below.


### (1) **Failure to meet appellant prior to trial and prepare an appropriate defense.**

Appellant contends that his trial counsel, Stephen T. O'Hanlon, Esquire, failed to meet with him or prepare an appropriate defense. However, the record does not support appellant's assertion. On the day of trial, but prior to trial beginning, this Court engaged in a colloquy with appellant wherein appellant acknowledged that he had met with both trial counsel and counsel's investigator. Appellant also acknowledged that his counsel advised him to "plead open." This

4

Court then explained to appellant that his counsel was giving him his best advice about how to proceed based upon his "professional experience." N.T. 11/23/15, pp. 4-7, 9-10, 12.

Thereafter, this Court engaged in the following discussion with appellant and his trial counsel:

> COURT: And I know that you've discussed your case with [trial counsel] a number of times; is that correct?
> APPELLANT: I can't say I did.
>
> COURT: You've never discussed your case with [trial counsel]?
> APPELLANT: No.
>
> COURT: Mr. O'Hanlon [trial counsel]?
> TRIAL COUNSEL: Your Honor, I spoke to [appellant] at 15th and Arch prior to his preliminary hearing. I also spoke to him in person at the CJC [Criminal Justice Center]. As he said, I sent an investigator to go and see him. I tried to arrange a video conference hearing with [appellant]. He refused to come to the camera at the other end. I've also had extensive written communication with [appellant]. I believe I've sent him 12 letters and I've received various letters that he sent to me and also court filings that he's filed.
>
> COURT: And have you reviewed all of the necessary police paperwork and evidence in this case to be presented?
> TRIAL COUNSEL: Yes, Your Honor.
>
> COURT: And are you prepared to proceed?
> TRIAL COUNSEL: Yes, Your Honor.
>
> COURT: All right. Mr. Brown [appellant]--?
> APPELLANT: Your Honor, we didn't go through case by case, no we didn't.
>
> COURT: Well, [appellant], when he tried to set up a video conference with you, you didn't come on the video conference. That was the purpose of setting it up. That's why we have video conferences, so attorneys can have confidential communications to go over this with you and to prepare for the case. Now...were going to move forward with this case. I believe [trial counsel] is prepared to proceed.

*Id.* pp. 26-27.

This Court then conducted a colloquy of the appellant and was satisfied that appellant was knowingly and intentionally waiving his right to a jury trial. *Id.* pp. 28-30.

Accordingly, appellant's contention that his trial counsel failed to meet with him or prepare an appropriate defense lacks any merit as counsel did meet with appellant prior to trial. Further, as the record reflects, appellant himself thwarted any further attempt by counsel to speak with him regarding his case. Moreover, this Court did confirm with trial counsel that he had reviewed all necessary paperwork and evidence was prepared and ready to try the case. At trial, defense counsel displayed a thorough knowledge of the case of the evidence and testimony that was to be presented and zealously represented appellant despite the challenges presented by numerous witnesses all of whom had previously identified appellant as the man who robbed and assaulted them. As such, appellant's claim that trial counsel failed to meet with him or prepare a defense is without merit.

**(2) Failure to Request discovery regarding agreements made by Commonwealth witness, Mary Jeffries.**

Appellant contends that there was an "unwritten agreement" between the Commonwealth and appellant's accomplice, Mary Jeffries, for leniency in her sentencing in exchange for her testimony against appellant. However, appellant failed to produce proof of any such agreement other than the fact that Ms. Jeffries pled open and was eventually sentenced to 11½ to 23 months, plus eight (8) years' probation, for her role in the robberies. Appellant incorrectly asserts that trial counsel failed to request said "agreement" when the record does not support the fact that there was any such agreement.

Moreover, both the counsel for the Commonwealth and defense counsel questioned Ms. Jeffries at trial regarding her possible motive to testify against appellant, and specifically, whether or not she was promised leniency in her sentencing.

6

PROSECUTOR:     And were any-at any point- have any promises or agreements been made to you as to what your sentence would be?
WITNESS:     No.

---

DEFENSE COUNSEL: And you testified that you have no agreement in place for sentencing; is that correct?
WITNESS:     Correct.

DEFENSE COUNSEL: But you think you'll get some kind of benefit out of the testimony that you're presentism here today; is that correct?
WITNESS:     No.

DEFENSE COUNSEL: So why are you testifying against [appellant]?
WITNESS:     Because I wanted to.

DEFENSE COUNSEL: And why do you want to?
WITNESS:     Because I want to get this over with.

*Id.* pp. 167, 169-171.

Accordingly, appellant's claim that an agreement existed between Ms. Jeffries and the Commonwealth is based upon pure conjecture and what appellant contends was a lenient sentence. Further, appellant's counsel did in fact attempt to show motive when he questioned Ms. Jefferies as to the possibility of her expecting leniency in return for her guilty plea and testimony at trial. As such, appellant's claim of ineffectiveness in this regard lacks any merit as trial counsel could not request and obtain discovery that did not exist.

### (3) Failure to impeach the credibility of Ms. Jeffries based upon *crimen falsi* convictions.

Appellant claims that Commonwealth witness, Mary Jeffries, should have been impeached with evidence of her previous convictions involving *crimen falsi* crimes. However, appellant fails to state what *crimen falsi* crimes were committed by Ms. Jeffries and whether any of these would have been the proper subject for impeachment. Moreover, this Court, sitting as

7

the trier of fact, was well aware of the role Ms. Jeffries played in the instant robbery spree of numerous individuals. As such, this Court was acutely aware that Ms. Jeffries was pleading guilty to these offenses, some of which were *crimen falsi*. Therefore, Ms. Jeffries credibility was already placed before this Court for crimes involving dishonesty.

Appellant has failed to show how Ms. Jeffries' credibility would have been further called into question by raising other *crimen falsi* convictions. At best, appellant's presentation of other *crimen falsi* convictions would have been merely cumulative. Thus, not only has appellant failed to identify any *crimen falsi* crimes for which Ms. Jeffries was convicted, but he has also failed to establish any prejudice that would have resulted had there been other such *crimen falsi* convictions which trial counsel failed to bring to this Court's attention. *See Commonwealth v. Treiber,* 8121 A.3d 435 (Pa. 2015); *Commonwealth v. Brown, 196* A.3d 130 (Pa. 2018).

Therefore, appellant's claim of ineffectiveness in this regard has no merit.

## (4) Failure to properly cross-examine Commonwealth witness, Mary Jeffries.

Appellant contends that his counsel was ineffective for failing to impeach Commonwealth witness, Mary Jeffries on two (2) subjects areas. At trial, Ms. Jeffries acknowledged that she was currently in custody and had been incarcerated since October 7, 2014. N.T., 11/23/2016, p. 169.  However, she testified that she had not been "locked up" prior to her involvement in this case. Appellant contends that Ms. Jeffries had in fact been incarcerated prior to this case and could have been impeached on this subject. Although appellant attached to his petition a criminal docket regarding Ms. Jeffries, this docket fails to indicate whether Ms. Jeffries was ever incarcerated for any criminal offenses. As such, appellant again fails to set forth any specific details regarding if and when Ms. Jeffries was incarcerated prior to this case.

8

Appellant also contends that Ms. Jeffries' testimony that she had not communicated with appellant during his pre-trial incarceration was untrue and his counsel should have impeached her on this subject. However, appellant again fails to set forth any evidence that Ms. Jeffries had in fact communicated with appellant during his pre-trial incarceration and that his counsel knew or should have known this to be true.

In both regards, appellant not only fails to provide the Court with proof of his assertions of impeachable subjects, but fails in his burden of proving how this information, if true, would have prejudiced him and resulted in a reversal by this Court of his convictions. At trial, Ms. Jeffries testified credibly regarding the role she played in the robbery spree. Her testimony was corroborated by the testimony of other Commonwealth witnesses, namely, the victims involved. As such, even if appellant's counsel were able to impeach Ms. Jeffries on these unrelated points, appellant fails to show that he suffered any prejudice. *See Commonwealth v. Bond*, 819 A.2d 33, 42 (Pa. 2002).

Therefore, appellant's claim of ineffectiveness in this regard must fail.

**(5) <u>Failure to file pre-trial Motions to Dismiss or Suppress evidence.</u>**

Appellant contends that appellant was prejudiced by trial counsel's failure to file pre-trial motions to dismiss and/or suppress evidence. Yet appellant failed to provide this Court with any proof of what particular motion should have been filed and what particular evidence would have been suppressed. Appellant merely provided this Court with bald allegations of ineffectiveness in this regard without providing the Court with any evidence to support his allegations or the prejudice that resulted. *See* Pa. R. Crim. P. 902 (A)(12)(a)-(b); *Commonwealth v. Bond*, 819 A.2d 33, 42 (Pa. 2002).

Therefore, appellant's claim of ineffectiveness in this regard must fail.

9

**(6) Failure to preserve at trial or challenge on appeal appellant's sentencing rights.**

Appellant contends that appellant was prejudiced by trial counsel's failure to preserve at trial or challenge on appeal appellant's sentencing rights. Again, appellant fails to provide this Court with any proof of what particular challenge(s) trial counsel failed to preserve. Appellant merely provides this Court with bald allegations of ineffectiveness in this regard without providing this Court with any evidence to support his allegations or the prejudice that resulted. *See* Pa. R. Crim. P. 902 (A)(12)(a)-(b); *Commonwealth v. Bond*, 819 A.2d 33, 42 (Pa. 2002). Moreover, appellant did raise the issue of the discretionary aspects of his sentence on direct appeal and this issue was addressed and rejected by our Superior Court.[2]

Therefore, appellant's claim of ineffectiveness in this regard must fail.

## II.    Brady Violation

### Standard of Review

It is well settled law that in order to present a meritorious claim under *Brady v. Maryland*, 373 U.S. 83 (1963), an appellant must prove: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Commonwealth v. Hutchinson*, 611 Pa. 280, 337 (2011) (Citing *Commonwealth v. Lambert*, 584 Pa. 461, 884 A.2d 848, 854 (Pa. 2005)). In *Brady*, the United States Supreme Court found that "the suppression by the prosecution of evidence favorable to an accused upon request violates

---

[2] *Commonwealth v. Brown*, 1348 EDA 2016.

10

due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

Evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 669 (1985). Additionally, "[a] 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* Therefore, if the evidence in question is of a nature that, if it were made available to the defense, it would likely not have changed the outcome, there is no due process violation.

### (7) Failure of the Commonwealth to disclose plea arrangement with witness, Mary Jeffries.

As previously stated, appellant claims without any evidence whatsoever, but merely upon conjecture, that there was an unwritten agreement between Commonwealth witness, Mary Jeffries, and the Commonwealth for leniency in her sentencing in exchange for her guilty plea and agreement to testify against the appellant. However, mere conjecture as to an agreement between the Commonwealth and a witness is not sufficient to establish a *Brady* violation. Commonwealth v. Chmiel, 781 A.2d 1136 (Pa. 2001).

Therefore, this Court finds that appellant has failed to establish that there was a *Brady* violation committed by the Commonwealth. As such, appellant's argument in this regard has no merit and no relief is due.

11

## III.    Constitutional Challenge: Sufficiency of the Evidence

### Standard of Review

The standard of review for insufficiency of evidence is well established. The [reviewing court] must decide whether the evidence, and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth, as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. *Commonwealth v. Rollins*, 525 Pa. 335, 339, 580 A.2d 744, 746 (1990). Any doubts as to a defendant's guilt must be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the circumstances. *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007). Determining the credibility of evidence submitted by both parties is within the exclusive province of the factfinder. *Commonwealth v. Gonzalez*, 2015 PA Super 13, 109 A.3d 711, 723 (citing *Commonwealth v. Forbes*, 2005 PA Super 37, 867 A.2d 1268, 1273-74 (Pa. Super. 2005).

### (8) Failure to prove appellant's guilt beyond a reasonable doubt.

Appellant contends that his constitutional rights were violated when the Commonwealth failed to meet their burden of proving the elements of each of the crimes for which he was convicted. Appellant's contention in this regard seems to center again on the testimony of Commonwealth witness, Mary Jeffries. Appellant does not contend that the elements of each offense were not proven but that they were presented by false testimony. However, appellant at trial and now on appeal, fails to present any evidence to support his bald assertion that Ms. Jeffries or the other Commonwealth witnesses provided false or inaccurate testimony regarding appellant's guilt.

This Court, sitting as the trier of fact heard all of the testimony, including that of Commonwealth witness, Mary Jeffries, and found all of the Commonwealth witnesses to be credible and persuasive. This Court found their testimony, together with all of the evidence presented to this Court at trial, sufficient to establish all of the elements of the offenses for which appellant was convicted, beyond any reasonable doubt. *See Commonwealth v. Smith*, 181 A.3d 1168 (Pa. Super. 2018).

As such, appellant's assertion in this regard has no merit and was properly denied.

## CONCLUSION

In summary, this Court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of appellant's request for relief. For the reasons set forth above, the judgment of the Trial Court should be affirmed.

By the Court:

1-15-21

Date

HONORABLE CHARLES A. EHRLICH

13